**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| CONSERVATION CONGRESS, | ) Case No.: 2:13-cv-01157-TLN-AC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES FOREST SERVICE, | ) |
| and UNITED STATES FISH AND | ) Order |
| WILDLIFE SERVICE, | ) FOR STAY OF PROCEEDINGS |
| Defendants. | ) |

  Plaintiff Conservation Congress, by its undersigned counsel, and Defendants United States Forest Service ("Forest Service") and United States Fish and Wildlife Service ("Fish and Wildlife Service"), by their undersigned counsel, hereby jointly stipulate to a stay of proceedings in this case and request the Court's approval of the stipulation.

  Plaintiff challenges a Forest Service vegetation and road management project, the Porcupine Project (the "Project"), proposed on the Shasta-Trinity National Forest. Plaintiff raises claims that the Forest Service violated the National Environmental Policy Act and the National Forest Management Act

1

by approving the Project. Plaintiff also alleges that the Fish and Wildlife Service violated the Endangered Species Act by issuing a concurrence letter for the Project. Plaintiff seeks to have the Court enjoin the Project from proceeding, among other relief.

On November 27, 2012, Plaintiff filed its opening motion for summary judgment, setting forth the legal arguments and basis for its claims. ECF No. 17. According to the Court's scheduling order, Defendants' opposition and cross-motion for summary judgment is due on January 10, 2014. ECF No. 13.

On December 20, 2013, the Forest Service withdrew the Decision Notice and Finding of No Significant Impact ("FONSI") for the Project. *See* Exhibit 1. No work has occurred on the Project, and "[n]o activities implementing the Porcupine Vegetation and Road Management Project will be undertaken unless and until further NEPA documentation is prepared and a new decision is issued." *Id*.

Given that the decision notice and FONSI have been withdrawn, the parties are currently discussing how to proceed and are exploring potential resolutions of the case without the involvement of the Court. Accordingly, Plaintiff and Defendants respectfully stipulate to and request a stay of these proceedings to preserve judicial resources and the parties' resources. The parties have included in this Stipulation a schedule for apprising the Court of the parties' respective positions and progress to efficiently resolve the case.

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control

2

the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  A court may enter a stay "pending resolution of independent proceedings which bear upon the case . . . whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (stay may serve the interests of judicial economy by allowing development of factual and legal issues).  In this case, a stay will conserve the Court's resources, and will allow the parties to avoid preparing pleadings and motions that may well be unnecessary.

For these reasons, and for good cause shown, the parties stipulate as follows and request that the Court approve this stipulation:

1. The case is stayed and all current deadlines and due dates are vacated.
2. Within three weeks of this stipulation, the Defendants shall submit a status report apprising the Court of the status of parties' negotiations and efforts to resolve the case without judicial involvement.

For all the foregoing reasons, the Plaintiff and Defendants request that the Court approve this Joint Stipulation for Stay of Proceedings.

It is so ordered this 7th day of January, 2014.

_____
Troy L. Nunley
United States District Judge